WILLIAM R. SEAGO AND ELIZABETH FOILS
v.
THE PEOPLE, USE OF LUELLA J. REDDISH.

*Guardian's Report, though Approved, Impeachable for Fraud—Action against Guardian and Surety to Recover Balance—Order of Probate Court, not Conclusive—Witnesses—Surety—Competency of—Sec. 2, Ch. 51, R. S., and First Exception—Construction of.*

1.  The order of a Probate Court, finding the amount due from a guardian, though generally conclusive against the guardian and sureties, may be impeached for fraud.

2.  Sec. 2, Ch. 51, R. S., and the first exception thereto, when construed together, do not exclude the evidence of the adverse party to a suit, brought by an "heir" to enforce a right not claimed by inheritance, as to facts occurring during the minority of the plaintiff.

3.  In an action against a guardian and surety to recover a balance shown to be due by a report of the guardian, which had been duly approved by the Probate Court, it is *held:* That a former sworn report of the guardian, which shows a much less balance to be due, the ward being therein charged for board, is admissible in support of a plea charging fraud, and that the surety is a competent witness for all purposes, the suit not being brought by the plaintiff as an heir.

[Opinion filed August 26, 1886.]

APPEAL from the Circuit Court of Jersey County; the Hon. G. W. HERDMAN, Judge, presiding.

On the 23d of October, 1875, Elizabeth Reddish (now Foyles) was appointed by the Probate Court of Jersey County guardian of her five minor children, including Luella J. Reddish. She was required to give bond with two sureties in the penal sum of $1,700. The bond was given, purporting to be executed by Nathan Campbell and W. R. Seago, the appellant.

On the 23d of August, 1878, she made a report showing that she had on hand as guardian of said wards the sum of $492.30. Again, on the 12th of January, 1884, she made, swore to and filed her report showing the fund exhausted in

the support of her children, except the sum of $17. This report was filed, but no action was taken upon it. Again, on June 17, 1884, she made report, disclaiming any credits for the support of the wards, and charging herself with interest on the fund from August 20, 1878, to June 17, 1884, making a total due her wards of $664.10. This report was approved by the County Court, and immediately thereafter, on July 21, 1884, suit was commenced on her bond by Luella J. Reddish to recover her share of the said $664.10.

The guardian at the time of this last report was utterly insolvent. Defendant Seago filed several pleas, on which issue was joined.

1st. He denies the execution of the bond.

2d. That the report showing a balance due the wards was fraudulent and that there was nothing due them from their guardian.

3d. That the whole of the fund belonging to the wards had been expended by their guardian in their necessary support.

In the progress of the trial below, defendant, Elizabeth Foyles, was called to testify that Seago had promised to execute the bond as her surety, and among other witnesses, Benj. Durnham and wife were also called to testify concerning alleged admissions of Seago that he had executed the bond. Mr. Seago was then called and testified, denying such promise and admissions, and was asked whether he executed the bond. The court holding he was incompetent by reason of his interest, refused to allow him to testify upon that question.

In support of the plea of fraud as to the report of the guardian, appellant Seago offered in evidence the sworn report of the guardian, dated January 12, 1884, showing only a balance of $17 in hand, the proof showing that Luella J. Reddish was present when it was made. The court holding that the sureties were concluded by the report of the guardian, refused to admit the report. Evidence was also offered by appellant Seago tending to show that the whole of the sum of $492.30 was necessarily exhausted in the support of these five children, which the court refused to admit.

The trial resulted in a verdict and judgment against appellant for $143.93, to reverse which this appeal is prosecuted.

Messrs. BROWN & KIRBY, for appellants.

The court below erred in refusing to permit the appellants to introduce pertinent evidence tending to show that the money of the ward had been necessarily expended in support of the ward, and that there was no fund in the hands of the guardian belonging to the ward at the time the suit was instituted.

When attacked for fraud, it may be shown that the guardian's report is not true, and especially so when the question was expressly raised by the pleading, and there was evidence tending to show that the beneficial plaintiff was a party to the alleged fraud. The approval of the report made it only *prima facie* evidence of its correctness, which was subject to be rebutted in a proper case by competent evidence. Bond v. Lockwood, 33 Ill. 212.

Upon proof of fraud in its procurement, the allowance of the account of the guardian would be of no avail to the parties claiming the benefit of it. Lynch v. Rotan, 39 Ill. 14 ; Bruce v. Doolittle, 81 Ill. 103 ; Roth v. Roth, 104 Ill. 35.

All cases holding that a report of a guardian is conclusive on his sureties, are subject to the exceptions, " unless, indeed, they could impeach it for fraud or collusion." Ream v. Lynch, 7 Ill. App. 161 ; Freeman on Judgments, Sec. 2501 ; Mfg. Co. v. Worster, 45 N. H. 110.

The limitation to the rule of conclusiveness of a judgment is that it may be shown that it was obtained by fraud or gross abuse of the process of the court or a flagrant departure from the ordinary course of judicial procedure. Roth v. Roth, 104 Ill. 35.

The court erred in refusing to allow the witness, W. R. Seago, to testify as to whether he signed the bond in suit.

To justify the exclusion, it must appear that the matter occurred during the life of the ancestor. Mahoney v. Mahoney, 65 Ill. 406.

Messrs. HAMILTON & SLATEN, for appellee.

Where fraud is relied upon as a defense it must be specifically pleaded by the defendants, and the plea must set out particularly the facts constituting the fraud. Slack v. McLagan, 15 Ill. 242 ; Jones v. Albee, 70 Ill. 34 ; Beatty v. Nickerson, 73 Ill. 605 ; Hopkins v. Woodward, 75 Ill. 62 ; Cole v. Joliet Opera House Co., 79 Ill. 96.

The intendments and presumptions are all in favor of the regularity, correctness and validity of all the proceedings of the County Court in the matter of the appointment and supervision of guardians until the contrary is shown, and it is not necessary that all the facts and circumstances which justify its action shall affirmatively appear upon the face of the proceedings. Propst v. Meadows, 13 Ill. 157 ; Mitchell v. Mayo, 16 Ill. 83 ; People v. Gray, 72 Ill. 343 ; Housh v. People, 66 Ill. 178.

The evidence here sought to be introduced to impeach the correctness of the report of June 17, 1884, and to show that the guardian had expended the funds of her wards in their necessary support, should have been introduced in the County Court at the time of the presentation of the guardian's report there, and if the surety was not satisfied with the action of that court his only remedy was by appeal to the Circuit Court under the statute. Ralston v. Wood, 15 Ill. 159 ; Housh v. People, 66 Ill. 178.

CONGER, J. We think the court erred in excluding from the jury the report made by Mrs. Foyles on the 12th of January, 1884. It tended to show that originally the mother intended to charge her daughter Luella for board at the rate of fifty cents per week, and if such was her intention and she actually furnished her daughter with such board, at reasonab'e prices, it would have been *pro tanto* a payment to her daughter of which the sureties upon her bond could avail themselves, notwithstanding the mother might afterward desire to be charged with it solely for the purpose of enabling her daughter to recover from the sureties.

There being a plea charging fraud in the settlement, claimed

to be conclusive as to the guardian and sureties, all evidence tending to show such fraud was competent.

The order of the Probate Court finding the amount due from the guardian, while generally conclusive upon such guardian and the sureties, like everything else may be impeached for fraud. Amimon v. People, 11 Ill. 6; Ralston v. Wood, 15 Ill. 159. Under the same plea we think the evidence offered as to the financial condition of the family should have been admitted.

We think Seago, the surety, was a competent witness for all purposes and that he is not excluded either by the second section of chapter 51 or the first exception to said section. Appellee Reddish was in no sense suing as an *heir*. She was seeking to recover from her guardian and Seago the surety upon the guardian's bond, which was a contract entered into after her money and property had descended from her father and become vested in her as her own property. Whether the funds that passed into her guardian's hands came from her father by descent or was the gift of some living friend or relative, or the wages of her own labor, could not make the slightest change in her rights. Her claims upon the guardian and sureties and their obligations to her would be precisely the same in either case; so that in no sense can it be said she was suing as an *heir*.

But it is insisted that the first exception to Sec. 2, Chap. 51, prevents Seago from testifying to facts occurring before appellee attained her majority.

This exception must be construed in connection with the second section and it will be observed that it is not every guardian that can avail himself of the provisions of section two, for it is only where a guardian or trustee "*of any such heir*" sues or defends that the adverse party, or person directly interested, is prevented from testifying. To make this section available, the ward, whom the guardian represents, must be an *heir*, one seeking to enforce or recover some right claimed by inheritance from some deceased person. It follows, therefore, that the first exception means when the guardian of a ward who is an "*heir* of any deceased person," sues

or is sued, as a party or interested person, may not testify to facts occurring before such ward attains majority.

Because of the refusal by the Circuit Court to permit this testimony to go to the jury, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*